UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD CHAUN LOYER,<br><br>            Plaintiff,<br><br>       v.<br><br>UNKNOWN, et al.,<br><br>            Defendants. | Case No. CV 23-02241-WLH (RAO)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

I.     **INTRODUCTION**

On March 24, 2023, Plaintiff Clifford Chaun Loyer ("Plaintiff"), a California pretrial detainee proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On May 22, 2023, the Court dismissed the First Amended Complaint, the operative complaint, with leave to amend within 30 days ("May 22, 2023 Order"). Dkt. No. 10. The Court cautioned Plaintiff that failure to timely file an amended complaint "may result in the dismissal of this action with or without prejudice on the grounds of . . . failure to diligently prosecute." *Id*. The May 22, 2023 Order was returned undelivered. *See* Dkt. No. 12. The Court re-sent its order on July 6, 2023, to Plaintiff's current address. *See* Dkt. No. 13. To date, Plaintiff has not filed an amended complaint or otherwise been in communication with the

Court. For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

## II. DISCUSSION

Federal Rule of Civil Procedure 41 ("Rule 41") governs the dismissal of federal actions. Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case. *Ferdik*, 963 F.2d at 1260.

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

Here, the first and second factors (the public's interest in expeditious resolution and the Court's need to manage its docket) strongly favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* Plaintiff has failed to respond to the Court's order directing him to file an amended complaint. Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990. Plaintiff's inaction interferes with

the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. Accordingly, these two factors weigh strongly in favor of dismissal.

The third factor (the risk of prejudice to the defendant) requires a defendant to establish "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely" act. *Yourish*, 191 F.3d at 991. The better the reason, the less likely it is that the third factor will favor dismissal. *See id.* (finding that the plaintiff's "paltry excuse for his default on the judge's order indicate[d] that there was sufficient prejudice to Defendants from the delay that [the third] factor also strongly favor[ed] dismissal"). The Ninth Circuit has stated that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*). Here, the failure to file an amended complaint indicates Plaintiff's loss of interest in the matter. The Court finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) also weighs in favor of dismissal. The Court's May 22, 2023 order cautioned Plaintiff that failure to timely file an amended complaint may result in the dismissal of this action for failure to prosecute, yet he has failed to respond and has not complied with the Court's orders. The Court deems it imprudent to wait any longer for Petitioner to exhibit an interest in prosecuting this matter with the requisite amount of diligence. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (a district court "need

not exhaust every sanction short of dismissal before . . . dismissing a case"). The Court also notes that it is dismissing this action *without prejudice*, a significantly lesser sanction than dismissal with prejudice. Accordingly, this factor favors dismissal. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice and finding no less drastic sanction was available because the district court could not contact the plaintiff to threaten him with some lesser sanction).

Regarding the fifth factor, public policy generally favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. However, it is the responsibility of the moving party to move the case toward a timely disposition on the merits, and to refrain from dilatory tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). It does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

Four factors favor dismissal and one factor is neutral. Accordingly, dismissal of this action without prejudice is appropriate.

### III. **CONCLUSION**

For the reasons set forth above, IT IS ORDERED that this case is DISMISSED without prejudice.

DATED: 11/15/2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE